# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

DURON WILSON HENTON,

      Petitioner,

v.                                       CIVIL ACTION NO. 3:17-CV-64
                                                  (GROH)

JENNIFER SAAD, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

## I.  INTRODUCTION

On May 30, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. ECF No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer in the Northern District of West Virginia and is challenging the validity of his conviction imposed in the United States District Court for the Western District of Texas (W.D.Tx.) case number 1:13-CR-403. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

## II. FACTUAL AND PROCEDURAL HISTORY

### A.  Petitioner's Underlying Conviction

On September 3, 2013, a grand jury indicted Petitioner and charged him with

---

[1] ECF Numbers cited herein refer to case number 3:17-CV-64 unless otherwise noted.

1

conspiracy to distribute a controlled substance and possession with intent to deliver a controlled substance. W.D.Tx. 1:13-CR-403, ECF No. 1. On May 5, 2014, before a United States Magistrate Judge, Petitioner entered a guilty plea to both counts of the indictment pursuant to a written plea agreement. W.D.Tx. 1:13-CR-403, ECF Nos. 39, 27. On July 9, 2014, the court sentenced Petitioner to a term of imprisonment of 210 months. W.D.Tx. 1:13-CR-403, ECF No. 49. On July 9, 2014, Petitioner filed a notice of appeal, followed by an amended notice of appeal on July 21, 2014. W.D.Tx. 1:13-CR-403, ECF Nos. 51, 57. On May 12, 2015, the United States Court of Appeals for the Fifth Circuit affirmed Petitioner's conviction, rejecting Petitioner's claim, "that the district court erred by failing to suppress evidence seized from his vehicle following a traffic stop." W.D.Tx. 1:13-CR-403, ECF No. 65 at 2.

### B. Petitioner's habeas corpus proceeding filed under 28 U.S.C. § 2255

On February 16, 2016, Petitioner filed a motion which was construed as a motion to vacate or set aside pursuant to 28 U.S.C. § 2255. W.D.Tx. 1:13-CR-403, ECF Nos. 68, 69. On June 17, 2016, Petitioner filed a "Writ of Mandamus" which the Clerk construed as a motion to amend or correct Petitioner's February 16, 2016 Motion to Vacate pursuant to 28 U.S.C. § 2255. W.D.Tx. 1:13-CR-403, ECF No. 75. On August 16, 2016, a United States Magistrate Judge filed a Report and Recommendation that the District Court deny Petitioner's motion to vacate. W.D.Tx. 1:13-CR-403, ECF No. 77. On November 14, 2016, Petitioner filed a pleading he entitled, "Mandamus Interlocutory Appeal," which the Clerk's office docketed as a "Notice of Appeal" of Petitioner's February 16, 2016 Motion to Vacate. W.D.Tx. 1:13-CR-403, ECF No. 85. On November 22, 2016, the District Court entered an Order Adopting the Magistrate

Judge's Report and Recommendation.  W.D.Tx. 1:13-CR-403, ECF No. 86.  On March 27, 2017, Petitioner sought relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), which was denied by order entered on March 28, 2017.  W.D.Tx. 1:13-CR-403, ECF Nos. 88, 89.  On March 29, 2017, the United States Court of Appeals for the Fifth Circuit dismissed Petitioner's § 2255 motion for lack of jurisdiction.  W.D.Tx. 1:13-CR-403, ECF No. 90.

### C. The Instant Habeas Corpus Proceeding Filed under 28 U.S.C. § 2241

On May 30, 2017, Petitioner filed the instant Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 and an accompanying memorandum of law.  ECF Nos. 1, 1-1.  The Petition alleges three grounds for relief: (1) ineffective assistance of counsel; (2) violation of his due process rights based on the illegal search of his vehicle; and (3) illegality of his sentence.  ECF No. 1 at 5, 6.  In his accompanying memorandum of law, Petitioner argues that his guilty plea was not entered knowingly or intelligently, and that he thus received ineffective assistance of counsel.  ECF No. 1-1 at 5 – 8.  Petitioner further argues that his due process rights were violated during the pre-arrest Texas traffic stop which was prolonged so that a canine unit could search his vehicle.  Id. at 15.  Finally, Petitioner argues that his sentence is illegal because the sentencing court increased his criminal history category and offense level, both of which increased the length of his sentence.  Id. at 12.  For relief, Petitioner requests that his conviction and sentence be overturned or that he receive an evidentiary hearing on his motions.  ECF Nos. 1 at 8, 1-1 at 16.

On August 21, 2017, Petitioner filed a "motion for release pending petition pursuant to 18 U.S.C. § 3143 & 3142."  ECF No. 13.  In that motion, Petitioner's claims

that he "has clearly met the showing of a 'substantial constitutional claim upon which he has a high probability of success on his 28 U.S.C. 2241 petition.'" Id. at 5.

### III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is

without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (internal citations omitted). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc) (internal citations omitted). The Fourth Circuit established a three-part test in In re Jones, 226 F.3d 328 (4th Cir. 2000):

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent

5

> to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

"Under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, supra, 617 F.3d at 807.

### IV. ANALYSIS

Petitioner has challenged his conviction pursuant to 28 U.S.C. § 2241 arguing that he received ineffective assistance of counsel, that his due process rights were violated during the search of his vehicle and that his sentence was illegal. All three of these claims relate to the validity of his conviction. None of the three claims relate to the execution of his sentence.

A federal prisoner seeking to challenge the validity of his conviction or sentence is required to proceed under 28 U.S.C. § 2255 in the district court where he was convicted. By contrast, a petition for writ of habeas corpus filed pursuant to § 2241 is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 relief include challenges related to: the calculation of a sentence (United States v. Snead, 664 Fed. Appx. 270, 271 (4th Cir. 2016)); the manner in which sentence is imposed (United States v. Laudermilt, 576 Fed. Appx. 177, 184 (4th Cir. 2014), citing Paschal v. Bauknecht, 2007 WL 4568979 (D.S.C. Dec. 20, 2007)); detainer

6

issues, (Rumsfeld v. Padilla, 542 U.S. 426, 434 (2006)); and early release following completion of a Residential Drug Abuse Treatment Program "RDAP" (Lopez v. Davis, 532 U.S. 230 (2001)).

Although the provisions of § 2255 expressly prohibit a prisoner from challenging his conviction and sentence through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner does not demonstrate that a § 2255 remedy is inadequate of ineffective merely because relief is no longer available under § 2255 because of a time limitation bar.[1] In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Further, § 2255(h) prohibits successive petitions for relief under that section without receipt of express permission from the appropriate court of appeals.

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It is undisputed that Petitioner previously sought relief under § 2255 from the Texas district court where he was convicted, which relief was denied. W.D.Tx. 1:13-CR-403, ECF Nos. 75, 90. Additionally, Petitioner has not obtained permission from any court of appeals to file a second or successive petition pursuant to § 2255.

Moreover, Petitioner has not invoked the savings clause of § 2255(e) in his petition or memorandum of law. The savings clause provides that habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner concedes that he filed a prior § 2255 petition, but has not alleged that he should be permitted to file a second or successive petition pursuant to the savings clause of § 2255. ECF No. 1 at 9. While Petitioner argues that, "[t]o not hear this case would amount to a miscarriage of justice," he also acknowledges that relief "is available under § 2241 only under exceptional circumstances." ECF Nos. 1 at 9, 1-1 at 3.

Rather, Petitioner failed to challenge the execution of his sentence, which is proper for consideration in a petition filed pursuant to § 2241. Petitioner argues that his sentence is illegal, and in his memorandum of law, he complains that the sentencing court improperly increased his criminal history category and offense level. ECF No. 1-1 at 12. Because his petition concerns his conviction and sentence, it is properly considered under § 2255 by the court which imposed the sentence. Likewise, Petitioner's other claims, that he received ineffective assistance of counsel, and that his

8

due process rights were violated during the search of his vehicle, are also matters related to his conviction and sentence. Thus, those matters are also appropriately considered in petition filed pursuant to § 2255, not § 2241.

Again, Petitioner has not invoked the savings clause of § 2255, so that his petition may be considered under § 2241, regardless of whether the petition might otherwise be prohibited. Petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective." In the Fourth Circuit, relief available pursuant to § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when:

> (1) at the time of conviction, settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and**
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Although Petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, Petitioner cannot meet the second element of the Jones test because the crimes for which he was convicted—conspiracy to distribute a controlled substance and possession with intent to deliver a controlled substance—remain criminal offenses. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and had it been raised, could not have established that he met the Jones requirements, he cannot demonstrate that § 2255 is

9

an inadequate or ineffective remedy. Because the savings clause is inapplicable, and Petitioner raises only issues appropriate for relief in a petition filed pursuant to § 2255, Petitioner has improperly filed his petition under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**. Further, the undersigned recommends that Petitioner's motion for release [ECF No. 13] be DENIED.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: October 12, 2017

*Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE